No. 73,298

In the Matter of ROBERT L. MORSE, *Respondent.*

(899 P.2d 467)

Opinion filed July 14, 1995.

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause, and *Bruce E. Miller*, disciplinary administrator, and *Stanton A. Hazlett*, deputy disciplinary administrator, were with her on the formal complaint for the petitioner.

*Timothy J. Turner*, of Overland Park, argued the cause for the respondent, and *Robert L. Morse*, respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the Disciplinary Administrator's office against Robert L. Morse, an attorney admitted to the practice of law in Kansas.

The complaint filed against respondent alleged violations of MRPC 1.1 (1994 Kan. Ct. R. Annot. 292) (competence), MRPC 1.3 (1994 Kan. Ct. R. Annot. 297) (diligence), and MRPC 1.4 (1994 Kan. Ct. R. Annot. 302) (communication).

At the hearing before the panel of the Kansas Board for Discipline of Attorneys, respondent and the Disciplinary Administrator stipulated to the facts and that respondent's conduct in handling the subrogation claims for American Family Mutual Insurance Company (American Family) constituted a violation of the Model Rules of Professional Conduct as set forth in the formal complaint. Respondent presented evidence in mitigation.

The hearing panel then considered the following mitigating factors: (a) Respondent is a sole practitioner and has practiced in Johnson County since 1976; (b) his law practice is presently exclusively criminal and traffic law; (c) upon its request, respondent returned all the files to American Family in August 1992; (d) respondent fully cooperated with the Disciplinary Administrator's office; (e) there was no evidence of continued misconduct by respondent; (f) respondent recognized that he was not able to handle the subrogation claims; and (g) respondent has had three previous disciplinary complaints filed against him, each resulting in the imposition of informal admonitions.

After reviewing the facts and considering mitigating factors, the panel recommended censure published in the Kansas Reports, pursuant to Supreme Court Rule 203(a)(3) (1994 Kan. Ct. R. Annot. 189), stating:

"In reaching its recommendation, the panel has taken into consideration the Respondent's candid admissions of his wrongdoing in this case, as well as all suggestions of the parties with respect to the discipline to be imposed. The panel cannot overlook the seriousness of the violations in this case by an experienced attorney, together with the pattern of past disciplinary matters where discipline has been imposed. The fact that the client in this case is a corporation rather than an individual makes no difference in vulnerability. Respondent's pattern of multiple misconduct on the files during the time frame in question cannot be condoned. Accordingly, it is the unanimous recommendation of the panel that Respondent be disciplined by public censure pursuant to Rule 203(a)(3) and costs be assessed to Respondent."

The panel further recommended that costs be assessed against respondent. Respondent did not file exceptions to the findings or conclusions set forth in the report of the hearing panel of the Kansas Board for Discipline of Attorneys.

The office of the Disciplinary Administrator recommends published censure as an appropriate sanction. Respondent agreed with and stipulated to the recommendation of published censure.

Having considered the record herein and the report of the panel, a majority of this court accepts and concurs in the findings, conclusions, and recommendations of the hearing panel.

IT IS THEREFORE ORDERED that Robert L. Morse be and he is hereby disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) for his violations of the Model Rules of Professional Misconduct.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.